## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **CLINT REED & RYAN FREDERICK**, on behalf of themselves and those similarly situated,<br><br>          Named Plaintiff,<br><br>     v.<br><br>**SWANTON WELDING & MACHINING CO., INC.**<br>407 Zetter Way<br>Swanton, Ohio 43558,<br><br>          Defendant. | Case No. 3:22-cv-1984<br><br>Judge<br><br>Magistrate Judge<br><br>**JURY DEMAND ENDORSED HEREON** |

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now come Named Plaintiffs Clint Reed ("Reed") and Ryan Frederick ("Frederick") (collectively hereinafter "Named Plaintiffs"), by and through undersigned counsel, individually and on behalf of those similarly situated, for their Collective and Class Action Complaint against Swanton Welding & Machining Co., Inc. ("Swanton Welding" or "Defendant") for its willful failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15; Article II, Section 34a of the Ohio Constitution ("Section 34a"); and Ohio Rev. Code § 2307.06 ("Ohio's Criminal Acts Statute") (the Ohio Wage Act, the OPPA, Section 34a, and Ohio's Criminal Acts Statute will be referred to collectively as "the Ohio Acts").  For their Complaint, Named Plaintiffs state and aver as follows:

1.  Defendant operates at least three (3) facilities offering custom welding and fabrication services from its primary facility located at 407 Zeiter Way, Swanton, Ohio 43558.

2.  Defendant repeatedly and willfully violated the FLSA and the Ohio Acts by failing to pay its hourly workers due to its companywide policy of only paying its employees for their scheduled shifts and/or rounding down their compensable hours even though they regularly performed job duties that are integral and indispensable prior to the scheduled start and beyond the scheduled end of their shifts each day.

3.  In addition, Defendant repeatedly and willfully violated the FLSA and the Ohio Acts by deducting thirty (30) minutes from Named Plaintiffs' and other hourly workers' compensable hours each day for a "meal period," even though the "meal period" was regularly missed, shortened, and/or interrupted by job duties at Defendant's direction and for its benefit as more fully explained below.

4.  Defendant also failed to pay Named Plaintiffs and those similarly situated at the correct regular rate of pay during workweeks when they worked overtime and also received non-discretionary bonuses, including, but not limited to production and/or attendance bonuses, in addition to their base wage.

5.  All of Defendant's welding and/or production employees, including Named Plaintiffs, at its three facilities have been subject to the same or similar employment policies and practices, including policies and practices with respect to the payment of wages.

6.  Named Plaintiffs bring this action on behalf of themselves and similarly situated current and former hourly welding and production employees who elect to opt in pursuant to the FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendant.

7.     Named Plaintiffs also bring this action on behalf of themselves and similarly situated current and former welding and production employees pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the Ohio Acts claims.

## I.     JURISDICTION AND VENUE

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

9.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

10.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Northern District of Ohio; Defendant is an Ohio for-profit corporation, formed and subject to the laws of the State of Ohio; and Defendant conducted substantial business at its primary facility located at 407 Zeiter Way, Swanton, Ohio 43558, which is in this judicial district.

## II.     FACTUAL ALLEGATIONS

### A.     Named Plaintiffs Reed and Frederick

11.     Named Plaintiff Reed is an individual, a United States citizen, and a resident of this judicial district.

12.     Reed worked for Defendant as a weld fabricator from approximately September 27, 2020 until September, 2022 at Defendant's primarily facility in Swanton, Ohio.

13.     At all times relevant, Reed primarily performed non-exempt job duties such as cutting, welding, fitting, setting, and installing fabricated structures, among other job duties.

14.     At all times relevant, Reed was non-exempt and paid on an hourly basis.

15.     At all times relevant, Reed was an "employee" as defined in the FLSA and the Ohio Acts.

16.     Reed's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

17.     Named Plaintiff Frederick is an individual, a United States citizen, and a resident of this judicial district.

18.     Frederick worked for Defendant as a weld fabricator from approximately January, 2020 until the beginning of 2021 at Defendant's primarily facility in Swanton, Ohio.

19.     At all times relevant, Frederick primarily performed non-exempt job duties such as cutting, welding, fitting, setting, and installing fabricated structures, among other job duties.

20.     At all times relevant, Frederick was non-exempt and paid on an hourly basis.

21.     At all times relevant, Frederick was an "employee" as defined in the FLSA and the Ohio Acts.

22.     Frederick's Consent to Join Form is also filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**B.     Opt-In Plaintiff Griffin Gist**

23.     Named Plaintiff Griffin Gist ("Gist") is an individual, a United States citizen, and a resident of this judicial district.

24.     Gist also worked for Defendant as a weld fabricator from approximately November, 2020 until around May, 2021 at Defendant's primarily facility in Swanton, Ohio.

25.     At all times relevant, Gist primarily performed non-exempt job duties such as cutting, welding, fitting, setting, and installing fabricated structures, among other job duties.

26. At all times relevant, Gist was non-exempt and paid on an hourly basis.

27. At all times relevant, Gist was an "employee" as defined in the FLSA and the Ohio Acts.

28. Gist's Consent to Join Form is also filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit B**.

**C.** **Defendant Swanton Welding & Machining Co., Inc.**

29. At all times relevant, Defendant is a domestic for-profit corporation authorized to do business in Ohio, subject to the laws of the State of Ohio, and it regularly conducts business in this judicial district.

30. Defendant offers custom welding and fabrication services throughout the United States. Defendant has at least three (3) custom welding and fabrication facilities located as follows: (1) primary facility located at 407 Zeiter Way, Swanton, Ohio 43558; (2) 19480 St. Rt. 2, Wauseon, Ohio 43567; and (3) 385 Hudson Road, Griffin, Georgia, 30224.

31. At all times relevant, Defendant was an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Named Plaintiffs and those similarly situated, regardless of what facility they worked in, as described herein.

32. At all relevant times, Defendant had direct or indirect control and authority over Named Plaintiffs' and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment.

33. At all relevant times, Defendant exercised that authority and control over Named Plaintiffs and other similarly situated employees.

34.     At all relevant times, Defendant had the authority to (and does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

35.     Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

36.     At all relevant times, Defendant suffered or permitted Named Plaintiffs and other similarly situated employees to perform uncompensated work. The work that Named Plaintiffs and other similarly situated employees performed was for Defendant's benefit.

37.     During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

38.     During relevant times, Defendant has benefitted from the work performed by Named Plaintiffs and those similarly situated.

39.     Upon information and belief, during the three years preceding the filing of this Complaint, Defendant operated and controlled an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

40.     During the last three years, Defendant also has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

41.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III.     COLLECTIVE AND CLASS ACTION FACTUAL ALLEGATIONS

42.     At all times relevant, Named Plaintiffs and similarly situated welding and production workers are hourly, non-exempt employees entitled to overtime.

43.     Named Plaintiffs and similarly situated welding and production workers worked overtime during one or more workweeks during their employment with Defendant.

44.     At all times relevant, (1) Defendant was an employer as defined by the FLSA and accompanying state wage and hour laws, (2) Named Plaintiffs and those similarly situated employees regularly worked overtime without compensation, and (3) Defendant knew that Named Plaintiffs and those similarly situated worked overtime and did not pay them for it, including, but not limited to, one or more reasons alleged below.

45.     During their employment with Defendant, Named Plaintiff and similarly situated employees were not fully and properly paid in accordance with the minimum requirements of the FLSA and the Ohio Acts for all of their compensable hours worked due to its company-wide policies/practices in several ways more fully outlined below.

**(Unpaid Overtime because of a Pay-to-Shift Policy/Practice and/or Rounding Policy/Practice which Rounds Compensable Hours Down to the Detriment of Employees)**

46.     Named Plaintiffs and those similarly situated are paid on a weekly basis and Defendant defines their workweek as Sunday through Saturday.

47.     Named Plaintiffs' scheduled shifts are from 6:30 am until 4:30 pm, Monday through Friday.

48.    Defendant applies a company-wide policy whereby it requires its welding and production employees to clock in/out[1] each day to keep track of their work hours.

49.    Despite utilizing a company-wide timekeeping system that tracks exactly when each hourly employee "punches" or clocks in/out each day, Defendant maintains a policy and/or practice whereby it generally only compensates its employees for their *scheduled shifts* (or rounds to their scheduled shifts) rather than for all of the time it suffered or permitted its employees to work for a variety of reasons more fully outlined below.

50.    Once clocked in, Named Plaintiffs and similarly situated employees regularly perform integral and indispensable unpaid work before the scheduled start. All of this work is captured on Defendant's company-wide timekeeping system.

51.    The integral and indispensable pre-shift work includes proceeding to each bay area to retrieve and prepare necessary tools and equipment, turn welders on/perform safety checks, put on personal protective equipment ("PPE") such as a welding hood, jacket, and welding gloves, continue gathering necessary tools such as hammers, clamps, chisels, grinders, speed squares, adjustable squares, and carpenter squares, sledgehammers, and tape measures, meeting with and receiving instruction from supervisors, and gather other necessary items, among other preparatory job duties because they were instructed by Defendant to be welding at or before the scheduled start of their shift.

52.    Named Plaintiffs and other similarly situated employees were required to be prepared to begin (and did begin) welding no later than the scheduled start of their shifts.

53.    Despite knowing of their performance of pre-shift work, Defendant does not pay its employees for such work.

---

[1] For all intents and purposes, the terms "punch in" and "clock in" are used interchangeably and have the same meaning herein. In addition, the terms "punch out" and "clock out" also are used interchangeably and have the same meaning.

54.     Instead, it does not begin to compensate Named Plaintiffs and similarly situated welding and production employees until 6:30 am even though they are clocked and performing integral and indispensable work prior to the scheduled start of their shifts.

55.     Moreover, despite working up through and including until they clock out each day, which may result in working beyond their scheduled end of their shifts, Defendant regularly only compensated its employees for their scheduled shift and/or rounded down their compensable hours to their scheduled shifts.

56.     At all times relevant, Defendant was aware that Named Plaintiffs and those similarly situated performed integral and indispensable work beyond their scheduled shifts because it trained and instructed its hourly welding and production workers to perform such work, but failed to compensate them for it anyways.

57.     The uncompensated work will be reflected on the timeclock records in Defendant's possession.

58.     Defendant's policy/practice whereby it only pays its hourly, welding and production employees for their scheduled shifts and/or improperly rounds Named Plaintiffs' and those similarly situated employees' punch-in and punch-out times down to their scheduled start and scheduled end times violates the FLSA and the Ohio Acts because it fails to compensate employees for all time they have actually worked.

**(Unpaid Overtime as a Result of Missed and/or Interrupted Unpaid Meal Periods)**

59.     Once clocked in, Named Plaintiffs and similarly situated employees continued working at all times relevant.

60.     During the three years preceding this Complaint, Defendant required employees to clock out or otherwise did not compensate its employees for a "meal period" or "meal break" believed to begin once a buzzer went off.

61.     Upon information and belief, Defendant deducted (or simply did not compensate for) thirty (30) minutes per day from Named Plaintiffs' and other similarly situated employees' compensable hours each day for such "meal period."

62.     However, Named Plaintiffs and similarly situated employees were often unable to take a meal break, took a shortened meal break, and/or otherwise were unable to take a fully uninterrupted meal break of thirty (30) minutes because it was interrupted by job duties.

63.     For example, after the meal break was supposed to begin, Named Plaintiffs and others had to put away their necessary tools and equipment and take off their PPE prior to being able being relieved from their welding job duties.

64.     After attempting to take a shortened meal break, they were also required to put their PPE back on and perform preparatory job duties similar to those described above in order to be prepared to begin welding by the time the buzzer went off for the scheduled end of the meal break.

65.     During other times, Named Plaintiffs and those similarly situated would finish welding job duties and catch up on other welding assignments during their meal periods to keep up with their welding and/or production goals.

66.     Consequently, a daily 30-minute meal break was deducted from their hours regardless of whether Named Plaintiffs and similarly situated welding and production employees received a full, uninterrupted 30-minute meal break.

67.     As a result of Defendant's companywide policy and/or practice to require a 30-minute meal break deduction from their hourly, non-exempt employees' compensable hours

worked for meal breaks that were not taken at all or that were interrupted by work duties, Defendant knew or had reason to know they were not compensating Named Plaintiffs and other similarly situated employees for all hours worked.

68.     Named Plaintiffs and similarly situated welding and production employees regularly worked more than forty (40) hours per week, or they would have worked more than forty (40) hours per workweek if their hours were not reduced by the unlawful meal break deduction, but they were not paid one-and-one-half (1.5x) their regular rates of pay for all hours worked over forty (40) per workweek as a result of Defendant's deduction of thirty (30) minutes for meal breaks that were not (fully) taken or that were interrupted.

69.     Defendant was aware or should have been aware of the uncompensated work because Named Plaintiffs and others regularly complained about it to supervisors, managerial employees, and/or human resources employees, but Defendant ignored the complaints and did not do anything to remedy the pay policies/practices.

**(Unpaid Overtime Due to Failure to Pay at Correct Regular Rate of Pay)**

70.     In addition, Defendant did not properly calculate overtime based on its ***regular rate of pay***, as defined by the FLSA, but instead calculated overtime based on its hourly rate of pay, resulting in unpaid overtime wages during the three years preceding the filing date of this Complaint.

71.     During their employment with Defendant, Named Plaintiffs and other similarly situated employees were not fully and properly paid for all of their compensable hours worked because Defendant did not properly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA, which resulted in unpaid overtime wages.

72.     Defendant pays Named Plaintiffs and similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

73.     In addition to the Base Hourly Wage, Defendant pays its employees with one or more additional forms of remuneration that should have been included in the calculation of employees' regular rates of pay for overtime compensation, including, but not limited to, non-discretionary quarterly production bonuses and other bonuses as incentives to encourage Named Plaintiffs and similarly situated workers to work more steadily, rapidly, efficiently, and/or to encourage its workers to remain with the company given its importance to the overall operation of Defendant (collectively hereinafter "Additional Remuneration").  *See* 29 C.F.R §§ 778.207(b), 778.211(c).

74.     During the last three years preceding the filing of this Complaint, Named Plaintiffs and other similarly situated employees received their Base Hourly Wage and Additional Remuneration as described above in one or more workweeks.

75.     For example, Reed received a $500 in Additional Remuneration for a quarterly production bonus in June, 2021. At the same time, Reed worked overtime during the same applicable period where he achieved the bonus.

76.     However, the Additional Remuneration was not included in his regular rate of pay for purposes of calculating his overtime rate.

77.     When Defendant paid Named Plaintiffs and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendant failed to properly calculate its employees' regular rate of pay during workweeks when they worked over 40 hours because Defendant did not include the Additional Remuneration in its regular rate calculations for overtime wages. Consequently, Defendant failed to properly compensate Named Plaintiffs and other

similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

78. Instead, Defendant paid Named Plaintiffs and other similarly situated employees overtime compensation at one-and-one-half times their **Base Hourly Wage** and not one-and-one-half times their ***regular rate of pay*** as that phrase is defined under the FLSA. *See* 29 U.S.C. § 207(e).

79. During Named Plaintiffs' employment, they and similarly situated welding and production workers received Additional Remuneration and worked over forty (40) hours in one or more workweeks, but they were not compensated at the correct regular rate of pay resulting in unpaid overtime.

80. As set forth herein, Defendant failed to compensate Named Plaintiffs and other similarly situated employees for all overtime wages earned as a result of uncompensated pre- or post-shift work, unpaid meal breaks that were not taken or fully uninterrupted, and its failure to properly calculate overtime rates of pay.

81. This integral and indispensable unpaid work performed by Named Plaintiffs and other similarly situated employees was practically ascertainable to Defendant.

82. There was no practical administrative difficulty of recording/paying this integral and indispensable unpaid work by Named Plaintiffs and other similarly situated employees from clock in until clock out each day, particularly when they all use the same or similarly time-keeping system.

83. The unpaid work performed by Named Plaintiffs and other similarly situated employees constituted part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

84.     Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiffs and other similarly situated employees and was part of their continuous workday.

85.     Defendant knowingly and willfully failed to pay Named Plaintiffs and other similarly situated employees as described herein.

86.     Upon information and belief, for the three years preceding the Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt welding and production employees at its facilities, including Named Plaintiffs.

**A.      FLSA Collective Action for Unpaid Overtime Wages**

87.     Named Plaintiffs bring Count One of this action on behalf of themselves and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

88.     The collective that Named Plaintiffs seek to represent and to whom Named Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiffs themselves are each a member, is composed of and defined as follows:

> All current and former hourly welding and production employees of Defendant at any of its facilities and were paid for at least forty (40) hours of work in one or more workweeks beginning three (3) years prior to the filing of this Complaint and continuing through the date of judgment. (the "FLSA Collective" or the "FLSA Collective Members").

89.     This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiffs, numerous current and former welding and production employees are similarly situated with regard to their wages and claims for unpaid wages and

damages. Named Plaintiffs are representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

90.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. §216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

**B.     Federal Rule of Civil Procedure 23 Class Action for Unpaid Overtime Wages**

91.     Named Plaintiffs bring Counts Two, Three, and Four of this action under Federal Rule of Civil Procedure 23 as a class action on behalf of themselves and all other members of the following class:

> All current and former hourly welding and production employees of Defendant who were paid for at least forty (40) hours of work in one or more workweeks beginning two (2) years prior to the filing of this Complaint and continuing through the date of judgment. (the "Rule 23 Class" or the "Rule 23 Class Members").

92.     The claims brought on behalf of the Rule 23 Class, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Rule 23 Class during the relevant time period above.

93.     The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

94.     Named Plaintiffs are each a member of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

95.     Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

96.     Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

97.     Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

98.     Questions of law and fact are common to the Rule 23 Class and predominate over any questions affecting only individual members. The questions of law and fact common to the Rule 23 Class arising from Defendant's conduct include, without limitation, (a) whether Defendant violated the Ohio Acts by failing to pay the Rule 23 Class for all overtime wages earned because of one or more of the violations described herein; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Acts were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiffs and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Acts; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the Ohio Acts; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

99.     Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt welding and production employees.

100.    Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Rule 23 Class as a whole.

101.     Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

102.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV.     CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)

103.     All of the preceding paragraphs are realleged as if fully rewritten herein.

104.     This claim is brought as part of a collective action by Named Plaintiffs on behalf of themselves and the FLSA Collective Members against Defendant.

105.     Defendant's practice and/or policy of not paying Named Plaintiff and other similarly situated employees for integral and indispensable work performed outside of their scheduled shifts violates the FLSA, 29 U.S.C. § 207; *see also* 29 C.F.R. § 785.24 (stating same).

106.     Further, Defendant's practice and/or policy of not paying Named Plaintiffs and other similarly situated employees for meal breaks as alleged above violates the FLSA because they are not bona fide meal breaks. *See* 29 C.F.R. § 785.19.

107.     Moreover, Defendant's failure to pay its employees overtime at a rate of one-and-one-half times their regular rates of pay when they earned Additional Remuneration violates the FLSA as alleged herein.

108.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiffs and other similarly situated employees also violates the FLSA. *See* 29 C.F.R § 516.2(a)(7).

109.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

110.     As a result of Defendant's practices and/or policies, Named Plaintiffs and other similarly situated employees have not received overtime wages due to them pursuant to the FLSA.

111.     The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

112.     Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## <u>COUNT II</u>
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

113.     All of the preceding paragraphs are realleged as if fully rewritten herein.

114.     This claim is brought under the Ohio Wage Act, which incorporates the FLSA without limitation.

115.     Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

116.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

117.     While employed by Defendant, Named Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03, but were not fully paid overtime wages as outlined above.

118.     As a result of Defendant's company-wide corporate policies and/or practices as described herein, it failed to pay Named Plaintiffs and the Rule 23 Class Members all overtime wages earned.

119.     Named Plaintiffs and the Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

120.     Defendant's repeated, knowing failure to pay overtime wages to Named Plaintiffs and the Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Rule 23 Class Members are entitled.

121.     For Defendant's violations of the Ohio Wage Act, Named Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, interest, attorneys' fees, and all other remedies available on behalf of themselves and the Rule 23 Class Members.

## **COUNT III**
### **(O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)**

122.     All of the preceding paragraphs are realleged as if fully rewritten herein.

123. The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA) triggers a failure to timely pay wages under the OPPA.

124. Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

125. Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant.

126. During relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

127. The OPPA requires that Defendant pay Named Plaintiffs and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

128. During relevant times, Named Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay within thirty (30) days of performing the work as outlined above. *See* O.R.C. § 4113.15(B).

129. As a result, Named Plaintiffs and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

130. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
### (OHIO CONST. ART. II, § 34a – RULE 23 CLASS ACTION FOR FAILURE TO MAINTAIN WAGE AND HOUR RECORDS)

131. All of the preceding paragraphs are realleged as if fully rewritten herein.

132. Article II, Section 34 of the Ohio Constitution requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* Article II, Section 34 of the Ohio Constitution ("§ 34a").

133. By "record," it means the "name, address, occupation, pay rate, hours worked for each day worked, and each amount paid an employee for a period of not less than three years following the last date the employee was employed."

134. A private cause of action exists to enforce the provisions of the Ohio Constitution that mandates maintaining Named Plaintiffs' records as described above.

135. During times material to this complaint, Defendant was a covered employer, and required to comply with the mandates of the Ohio Constitution as described herein.

136. Named Plaintiffs and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Constitution as described herein.

137. Defendant's records do not reflect all time spent working by Named Plaintiffs and similarly situated employees.

138. By not maintaining accurate records of all hours worked by Named Plaintiffs and the Rules 23 Class, Defendant violated the Ohio Constitution.

139. As a result of Defendant's violations of the Ohio Constitution, Named Plaintiffs and those similarly situated are entitled to prove their damages by way of just and reasonable inferences, their damages, including, but not limited to, unpaid wages, an additional two times unpaid wages under Section 34a, as well as recover their attorneys' fees and costs associated with enforcing these provisions.

## COUNT V
### (O.R.C. § 2307.60 – RULE 23 CLASS ACTION FOR DAMAGES)

140.    All of the preceding paragraphs are realleged as if fully rewritten herein.

141.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

142.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

143.    By their acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and the Ohio Rule 23 Class have been injured as a result.

144.    In addition, Ohio Revised Code § 4111.99(A)-(B) imposes criminal penalties in the form of a misdemeanor in the third or fourth degrees for anyone who violates section 4111.13 of the Ohio Revised Code. For example, O.R.C. § 4111.13(C) states that, "[n]o employer shall pay or agree to pay wages at a rate less than the rate applicable under sections 4111.01 to 4111.17 of the Revised Code."

145.    As a result of Defendant's violations of the Ohio law, Plaintiff and the Ohio Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## V.    PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs request judgment against Defendant and for an Order:

A.    Certifying the proposed FLSA collective action;

B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.    Certifying the proposed Rule 23 Class under the Ohio Acts;

D.      Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law and that Plaintiffs, the FLSA Collective, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.      Finding that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

F.      Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiffs and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G.      Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiffs and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

H.      Judgment against Defendant and awarding to Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law, including but not limited to the OPPA;

I.      Awarding to Named Plaintiffs and the Rule 23 Class Members punitive, exemplary, and compensatory damages under O.R.C. § 2307.60;

J.      Awarding to Named Plaintiffs each a service award for their efforts in remedying various pay policies/practices as outlined above;

K.      Awarding to Named Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

L.     Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

M.     Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

N.     Declaring judgment for all civil penalties to which Named Plaintiffs and all other similarly situated employees may be entitled; and

O.     Awarding such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

**BRYANT LEGAL, LLC**

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorney for Named Plaintiffs and those similarly situated*

## JURY DEMAND

Named Plaintiffs request a trial by a jury of eight (8) persons.

*/s/ Daniel I. Bryant*
Daniel I. Bryant