# IN THE UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **CLINT REED & RYAN FREDERICK**, *on behalf of themselves and all others similarly situated,* </br></br>Representative Plaintiffs,</br></br>v.</br></br>**SWANTON WELDING & MACHINING CO., INC.**,</br></br>Defendant. | Case No. 3:22-cv-1984</br></br>Judge James G. Carr |

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), Representative Plaintiffs Clint Reed and Ryan Frederick (collectively, "Representative Plaintiffs") and Defendant Swanton Welding & Machining Co., Inc. ("Defendant") (Representative Plaintiffs and Defendant are, collectively, the "Parties") jointly move the Court for approval of their FLSA collective action settlement.  (Joint Motion For Approval Of FLSA Collective Action Settlement And Dismissal With Prejudice, ECF No. 30 ("Joint Motion")).  The Joint Motion asks this Court to approve, as fair and reasonable, the settlement reached by the Parties and memorialized in their Collective Action Settlement Agreement and Release ("Settlement" or "Agreement") (ECF No. 30-1).

After a careful review of the Joint Motion, the Agreement and its Appendix, the Bryant Declaration, and related pleadings, this Court finds that the Agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the Parties in all aspects. This Court also approves the proposed allocation and calculation of the individual Settlement Awards, the

Representative Plaintiffs' Service Awards, and the proposed attorney fees and expense reimbursements to Representative Plaintiffs' Counsel.

1.  Representative Plaintiffs commenced the Action against Defendant for alleged unpaid overtime wages and other relief under the FLSA and analogous state laws. (*See* ECF No. 1, Complaint, at PageID # 6-9; ECF No. 11-1, First Amended Complaint, at PageID # 94-100) Representative Plaintiffs alleged that Defendant violated the FLSA by failing to pay Representative Plaintiffs and other similarly-situated similarly situated hourly, non-exempt welding and production employees of Defendant for all hours worked due to (1) pay-to-shift and/or non-neutral rounding of compensable hours that over time resulted in the underpayment of wages; (2) unpaid, but interrupted, daily meal periods of thirty (30) minutes; and (3) the failure to pay at the correct regular rate of pay during workweeks when employees worked overtime and received a non-discretionary bonuses in addition to their base hourly wage. (*Id.*) Defendant denied the allegations contained in the Complaint and First Amended Complaint (collectively, "Complaint"), maintained that Representative Plaintiffs and those who they sought to represent were paid for all hours worked, that Representative Plaintiffs and those who they sought to represent were not entitled to any compensation, and that any unpaid time was *de minimis*; and asserted more than twenty-five (25) affirmative defenses, including that its conduct was done in good faith and asserted that the method of computing working time was neutral, among others. (ECF No. 8, Answer to Complaint, PageID # 65-70; ECF No. 15, Answer to First Amended Complaint, PageID # 159-166.) In addition to Representative Plaintiffs, fifteen (15) individuals opted into the Action (collectively, "Opt-In Plaintiffs" and together with Representative Plaintiffs, "Plaintiffs").

2.  Representative Plaintiffs and Defendant had lengthy and extensive settlement negotiations and have agreed to settle this Action on the terms set forth in the Agreement (ECF No. 30-1). The Settlement will cover all Plaintiffs and provides that, in exchange for their

individual Settlement Awards and other valuable consideration, Plaintiffs will release Defendant and other Released Parties from all wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, under the FLSA, the Ohio Acts, or any other applicable federal, state or local wage-and-hour laws as set forth more fully in the Agreement and dismiss this case with prejudice. The Settlement further provides that Representative Plaintiffs will also each receive a $4,000 service award in addition to their individual payments. Moreover, the Settlement provides for payment of attorneys' fees to Representative Plaintiffs' Counsel in the amount of one-third of the total settlement amount, which is equivalent to Twenty-Six Thousand Dollars and Zero Cents ($26,000), plus litigation costs ($8,312.00), for a total of Thirty-Four Thousand Three Hundred Twelve Dollars ($34,312.00) ("Attorneys' Fees and Costs").

3. "As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may

choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

4. This Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). This Court further finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation, and with the assistance of this Court. Representative Plaintiffs' Counsel has informed this Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Plaintiffs. This Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

5. This Court here grants the Parties' Joint Motion (ECF No. 30), approves the Settlement as to all Plaintiffs, and orders that the Settlement be implemented according to the terms and conditions of the Agreement.

6. This Court finds that the proposed allocation and calculation of the individual Settlement Awards to Plaintiffs are fair and reasonable, and approves the method of calculation and proposed distribution of the Settlement Awards, as well as the amounts set forth in Appendix 1 to the Agreement.

7. This Court further finds that the Service Award payments to the Representative Plaintiffs are reasonable. *See Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021) (noting that 32% of alleged damages was a "substantial recovery"); *Harsh v. Kalida Mfg., Inc.*, No. 3:18-CV-2239, 2021 WL 4145720, at *3-9 (N.D. Ohio Sept. 13, 2021) (Helmick, J.) (describing recovery of 42% of the alleged overtime damages as an "excellent result"

4

in the final approval Order because it was "substantial relief"); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class").

8. This Court also approves the payment of Attorneys' Fees and Costs to Representative Plaintiffs' Counsel as provided in the Settlement. This Court finds that a fee award in the amount of $26,000 and representing one-third of the total settlement amount, is both reasonable and typical when attorneys seek a percentage of the fund. *See Croskey v. Hogan Services, Inc.*, No. 2:20-cv-3062, 2021 WL 3012278, at *2 (S.D. Ohio July 15, 2021) (finding attorneys' fees in the amount of one-third of the total settlement amount are reasonable) (citing *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District.")); *Bailey v. Black Tie Management Co, LLC*, No. 2:19-cv-1677, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020) (Sargus, J); *Perkins v. Evolved, Inc.*, No. 2:16-cv-724, 2017 WL 2987220, at *1 (S.D. Ohio June 13, 2017) (Graham, J.); *Campbell v. Wise Medical Staffing, Inc.*, No. 2:18-cv-493, 2020 WL 9259704, at *2 (S.D. Ohio Feb. 21, 2020) (Morrison, J). It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs as outlined in the Bryant Declaration.

9. This Court dismisses the claims of the Plaintiffs with prejudice, and enters this final judgment of dismissal. This Court retains jurisdiction to enforce all the terms of the Settlement.

**IT IS SO ORDERED.**

Date: April 15, 2024

s/James G. Carr
THE HONORABLE JAMES G. CARR
UNITED STATES DISTRICT COURT JUDGE